UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 2222 SOUTH BROAD, LLC | CIVIL ACTION |
| VERSUS | NO: 15-3674 |
| CITY OF NEW ORLEANS | SECTION: R |

## ORDER AND REASONS

Defendant, the City of New Orleans, moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises out of a dispute over taxes, interest, penalties, and other charges that plaintiff 2222 South Broad, LLC paid to the City of New Orleans.[1] Plaintiff owned several real estate parcels within New Orleans.[2] Plaintiff alleges that instead of mailing property tax bills to plaintiff's address, the City sent the bills to a non-existent address.[3] As a result, plaintiff did not learn of

---

[1] R. Doc. 1.

[2] *Id.* at 2.

[3] *Id.* at 3.

its tax obligations until after payment had come due and the City had filed code enforcement liens against plaintiff's properties.[4] Plaintiff alleges that once it discovered its unpaid property taxes, it tendered payment under Louisiana's payment-under-protest statute. According to plaintiff, this was done in an effort "to avoid the [City] . . . tacking on to each real estate bill penalties, interest, collection fees, and attorney fees. . . ."[5] The City refused to accept payment under protest, and plaintiff eventually paid the entire amount demanded by the City, including interest, penalties, and collection charges.[6]

Plaintiff brought this lawsuit against the City, alleging that the City's assessment of penalties and other "added charges" violated plaintiff's right to due process.[7] Specifically, plaintiff alleges that the City

> violat[ed] Plaintiff's right to due process notice as suggested by the 14th Amendment to the United States Constitution as interpreted in the landmark case of *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (19[8]3) concerning the requirement for a government taxing entity to provide timely due process notice to the property owner before the governmental entity can in relation to a tax debt seize and sell the tax payer's property.[8]

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3-4.

[7] *Id.* at 1-2, 4.

[8] *Id.* at 1-2.

Plaintiff seeks to recover from the City "all amounts paid for the last three years beyond the net real estate taxes themselves."[9] Plaintiff does not allege any claim under Title 42, United States Code, Section 1983. The City moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.[10]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the

---

[9] *Id.* at 6.

[10] R. Doc. 13-1.

plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v.. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## III.  DISCUSSION

Plaintiff, who is represented by counsel,[11] appears to bring this lawsuit as a direct action under the Fourteenth Amendment.  Federal courts, and the Fifth Circuit in particular, are reluctant to permit prosecution of actions

---

[11] Unlike submissions made by pro se litigants, the Court does not broadly construe pleadings filed by counsel.  *See Nelson v. Cain*, No. CIV.A. 13-4998, 2014 WL 2859147, at *14 (E.D. La. June 23, 2014).

directly under the Constitution. *See Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (noting the court's "hesitan[ce] to find causes of action arising directly from the Constitution."). Such actions are permitted "only when necessitated by a total absence of alternative courses." *Berger v. City of New Orleans*, 273 F.3d 1095, 2001 WL 1085131, at *2 (5th Cir. Sept. 4, 2001). When Congress has provided an adequate alternative remedial scheme, a direct action is not available. *Id.* at *1.

Here, Congress has provided an adequate remedial scheme in Section 1983, which is intended to substitute for direct recovery under the Constitution. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (noting that Section 1983 provides a mechanism for enforcing individual rights ensured by federal statutes and the Constitution). Section 1983 is the proper vehicle for raising due process claims against a municipality like the City of New Orleans. *See Garrett v. City of Houston, Tex.*, 102 F. App'x 863, 864 (5th Cir. 2004); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n. 3 (5th Cir. 1994) ("[T]he proper vehicle for [First and Fourteenth Amendment] allegations is § 1983."). Because plaintiff has not brought its Fourteenth Amendment due process claims under Section 1983, the Court must dismiss his suit for failure to state a claim upon which relief can be granted. *See Berger*, 273 F.3d 1095 (affirming dismissal of lawsuit brought under the Fourteenth Amendment,

rather than Section 1983); *Armstead v. Napolitano*, No. CIV.A. 11-1095, 2012 WL 686286, at *2 (E.D. La. Mar. 2, 2012) (dismissing direct claim under the Fourteenth and Fourth Amendments).

To the extent plaintiff seeks to assert claims under state law, the Court dismisses those claims for lack of jurisdiction. *See* 28 U.S.C. 1367(c) (noting that a district court may decline to exercise supplemental jurisdiction over a claim once the court dismisses all claims over which it had original jurisdiction); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.

New Orleans, Louisiana, this  5th  day of April, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE